UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Loretta Quick,<br><br>                Plaintiff,<br>   v.<br><br>The Swiss Colony, LLC,<br><br>                Defendant. | Civil Action No.: _____<br><br>**COMPLAINT**<br><br>August 3, 2017 |

For this Complaint, Plaintiff Loretta Quick, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Connecticut Creditors' Collection Practices, Conn. Gen. Stat. § 36a-645, *et seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff Loretta Quick ("Plaintiff") is an adult individual residing in New London, Connecticut, and is a "person" as defined by 47 U.S.C. § 153(39) and a "consumer debtor" as defined by Conn. Gen. Stat. § 36a-645(1).

5. Defendant The Swiss Colony, LLC ("Swiss") is a Wisconsin business entity with an address of 1112 Seventh Avenue, Monroe, Wisconsin 53566-1364,

and is a "person" as defined by 47 U.S.C. § 153(39) and a "creditor" as defined by Conn. Gen. Stat. § 36a-645(2).

## FACTS

6.  Plaintiff allegedly incurred a debt to Swiss (the "Debt"), which was primarily for personal, family, or household purposes, and therefore meets the definition of a "debt" as defined by Conn. Gen. Stat. § 36a-645(3).

7.  Within the last four years, Swiss began calling Plaintiff's cellular telephone, number 860-xxx-2599, in an attempt to collect the Debt from Plaintiff.

8.  At all times mentioned herein, Swiss called Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

9.  When Plaintiff answered calls from Swiss, she heard a prerecorded message.

10. On or about June 29, 2017, Plaintiff spoke with a live Swiss representative and demanded that all calls to her cease immediately.

11. Despite Plaintiff's requests for Swiss to cease calling, Swiss nevertheless continued to place automated calls to Plaintiff's cellular telephone number.

12. Plaintiff was annoyed, harassed, and inconvenienced by Defendant's continued calls.

## COUNT I
## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS and an artificial or prerecorded voice; when Plaintiff answered Defendant's calls, she heard a prerecorded message.

15. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Defendant continued to place automated calls to Plaintiff's cellular telephone number after Plaintiff asked Defendant to cease calling her cellular telephone and revoked any consent Defendant may have had to call her cellular telephone.

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Moreover, because Defendant continued to place automated and prerecorded calls to Plaintiff's cellular telephone despite knowing that it lacked consent to do so, each subsequent call placed to Plaintiff constituted a knowing and/or willful violation of the TCPA, subject to treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF THE CONNECTICUT FAIR DEBT COLLECTION PRACTICES ACT
## Conn. Gen. Stat. § 36a-645, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Defendant's repeated calls to Plaintiff's cellular telephone after Plaintiff explicitly asked it to cease calling constituted any abusive, harassing, deceptive and misleading practice to attempt to collect a debt, in violation Conn. Gen. Stat. § 36a-646.

22.     As a result of Defendant's illegal collection efforts, Plaintiff is entitled to an award of $1,000.00 in statutory damages as well as her actual damages and reasonable attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
2. Treble damages for each violation of the TCPA determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);
3. Statutory damages of $1,000.00 per violation pursuant to Conn. Gen. Stat. § 36a-648(a)(2);
4. Actual damages pursuant to Conn. Gen. Stat. § 36a-648(a)(1);
5. Cost of litigation and reasonable attorney's fees pursuant to Conn. Gen. Stat. § 36a-648(a)(3);
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 2, 2018

Respectfully submitted,

By  /s/ Sergei Lemberg

**Sergei Lemberg, Esq.**
**LEMBERG LAW, LLC**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile:  (203) 653-3424**
**Email: slemberg@lemberglaw.com**
**Attorney for Plaintiff**